By the Court.—Freedman, J.
—It may now be deemed settled that upon proof of the non-deHvery of the goods stored a presumption of negligence arises, and the burden of proof is thereupon cast upon the warehouseman to account fully for the loss and to show that the loss, however it may have occurred, was not caused by any want of proper care and diligence on his part (Coleman v. Livingston, 36 N. Y. Superior C. [4 J. & S.] 37; reargued, Id. 231; and affirmed, 56 N. Y. 658 ; Burnell v. N. Y. Central R. R. Co., 45 Id. 184; Fairfax v. N. Y. Central & Hudson R. R. R. Co., in the court of appeals, not yet reported).
Under these decisions, and upon the evidence and a view of the premises, the referees were justified in finding that the defendant had not exercised the care that a prudent man would under the same circumstances have exercised in relation to the protection and safe keeping of his own property, and that in consequence of such neglect plaintiffs’ goods were stolen and carried away.
After the defendant himself had notified the plaintiffs of the theft of the goods, a formal demand upon him for the goods would have been an idle ceremony. The larceny occurring in consequence of defendant’s *8 neglect constituted a conversion by virtue of a wrongful taking, and no subsequent demand was necessary after defendant himself had notified the plaintiffs of the loss of the goods.
The fact that defendant’s warehouse was bonded to the United States and that the goods stolen were bonded goods, does not change defendant’s liability. In Schwerin v. McKie, 51 N. Y. 180,. the court of appeals held that the provision of the act of Congress of 1852 (10 U. S. Stat. at L. 270), which provides that goods , deposited in a private bounded warehouse authorized by that act, shall be at the exclusive risk of the owner or importer, was intended solely for the benefit of the goverment, and does not relieve the warehouse-keeper from the duty of exercising ordinary care and prudence, nor from the liabilities of other warehousemen to their patrons.
The defendant admitted that the market value in the city of Mew York of the goods at the time of their loss and at the commencement of the action was $12,084.83. The referees therefore very properly gave judgment for that amount and interest. The fact that the duties on the goods had not yet been paid, cannot diminish this liability. Under the laws of the United States the plaintiffs are liable for the duties. They gave a bond for their payment, and the withdrawal of the goods from the warehouse makes them liable to pay the duty, no matter how, where, or by whom the goods were withdrawn (9 U. S. Stat. at L. 53).
The exceptions to the exclusion of evidence are clearly untenable.
The judgment should be affirmed with costs.
Sedgwick and Speib, JJ., concurred.